Good morning, Your Honors. Christina Gabriel, Ladies Luckman, on behalf of Mr. Gallegos-Lopez, who is currently in a halfway house and he is expected to be released sometime in March. Ten years is a very long time. Ten years is a respectful amount of time to be married. Author Malcolm Gladwell says that ten years is long enough for a person to achieve expertise in their profession. Ten years is the length of time that we have precedent in this case for the requirement that in an alien smuggling case, that the government is required to prove that the defendant had the criminal intent to violate the immigration laws of the United States. In the case of the United States v. Barajas Montiel, this Court made very clear, very clear, that this mens rea requirement, the intent to violate the immigration laws of the United States, is an element of the offense of alien smuggling. Although the statute does not explicitly require it, this mens rea requirement is read into the statute. And in Barajas Montiel, this Court relied heavily on the case of the United States v. Nguyen, which is a very well-researched opinion and dug into the congressional history of the alien smuggling laws of 1324 and said that mens rea is absolutely required for these types of offenses. What happened in this case before the district court was when defense counsel objected to instruction 5.6, the knowingly instruction, specifically the second sentence, which said, the government is not required to prove that the defendant knew that his acts or omissions were unlawful. The request was only to take out the word or omissions. And I guess I was confused because if you take them out, it just says, the government is not required to prove that the defendants knew that his acts were unlawful, which doesn't seem to get to the request or a motion to say, but the government has to prove that he intended to violate the immigration laws. So aren't we reviewing this for plain error? We are absolutely not reviewing this for plain error. This is a de novo case. This should absolutely be reviewed de novo. Whether the district court's instructions correctly laid out the elements of the offense is something that is always reviewed de novo. And in this case, the objection preserved the issue for appeal. The only thing that's required under Federal Rule of Criminal Procedure 30d is that there are two things, and these were both satisfied here. The first thing that if you send it to me. Wait, wait, wait. Could you just reel back for a moment? Did the at trial, was there an objection made to the district court that the instruction should include that the government must prove that the defendant intended to violate the U.S. immigration laws? Well, yes. Yes or no? No. Okay. However, an instruction was given. That instruction was given. But what the defense counsel objected to was the second sentence of the definition of knowingly. And the defense counsel satisfied Rule 30 by objecting and providing a basis for the objection. And those are the only things that are required in the bill. But the only request was to take out the words or omissions. And how does that eliminate this knowingly instruction, which you say is confusing? Is that or contradicts the intent instruction? Yes, it contradicts. So basically the jury was left with two instructions that contradicted each other. Now the government says intent is different than knowingly. And they're correct. Guilty knowledge is different from criminal intent. And that is something that the case of United States v. Wynn discusses. So someone can have guilty knowledge, as in the case of United States v. Wynn, the defendant in that case was on a boat full of illegal aliens who were being smuggled into the United States. And once he was on board, he found out, he knew. So he had this guilty knowledge that the laws were being violated. But the issue in that case was, but did he have the criminal intent to violate the immigration laws in the United States? And he just didn't. And that's why there was a reversal in this case. But here there was an intent instruction, even though it only, so far as I could tell, went to aiding and abetting the brings-to offense. It didn't go to the concealment offense. But you're saying there was an intent to violate the United States immigration laws instruction. The knowingly instruction is different. It goes to knowledge rather than intent. So where's the conflict? Well, the conflict is this. I think where the government is focusing is the knowledge department, they're focusing on the alienage. Did the defendant know that the people who were coming across were illegal? But here, really what we're arguing is that the mens rea for the statute, you have to have this intent to violate the immigration laws in the United States, and that was negated, basically, by the instruction that was given by the district court. Okay. So exactly what did the district court instruct that was wrong? This is what he instructed. The government is not required to prove that the defendant knew that his acts or omissions were unlawful. It's the second sentence of Section 5.6. And the commentary, and this is very crucial, the commentary to that section says that the second sentence, this very sentence in dispute, should not be given where an element of the offense requires the government to prove that the defendant knew that what he did was unlawful. And that's what Rojas Montiel and Nguyen say. You just object to the one sentence and that knowingly. Well, I'd like to really clarify the Rule 30 objection here. Rule 30 says that when there's an objection and there's a basis for the objection, then the baton passes to the district court. What the defense counsel has done is he has alerted the court to the error here. And the responsibility really lay with the district court to get the instruction right, to research it and make sure that the instruction that he gave was correct. And that's what I'm saying. It's not defense counsel's burden to perfect all of the instructions. It's to object and make a reasonable objection. But the instruction was he didn't have to – the instruction was he had to have the intent to violate the laws, but he didn't. And you're objecting that he should have been – they should have been required to know that he actually knew that his acts were unlawful. It's the same thing. It's the same thing. So you're saying intent and knowledge is the same because, in other words, the government does not have to prove under Barajas that he knew the acts were unlawful. He just has to prove that he acted with the intent to violate the laws. So unless you're saying that knowledge and intent is the same thing, then I'm not sure why those two instructions are conflicting. Well, because Barajas-Montiel says that, as you stated, a defendant has to have the criminal intent to violate immigration laws. The Second Senate says the government's not required to prove that the defendant knew that what he was doing was wrong. And that, I mean, it would turn Barajas-Montiel on its head to argue otherwise, that the sentence really doesn't matter. And then the commentary that this Court has already established in the model during instructions, I mean, there would be no need for this commentary because it's very clear, and the commentary lays it out just perfectly, that it shouldn't be given where an element of the offense requires the defendant to prove that the defendant knew that what he did was unlawful. But unlawful means I have the intent to violate. That's not part of it right now. Okay. Do you want to touch on your sufficiency of the evidence? Sure. Yes. Because your time is flying. Sure. The evidence in this case was plainly insufficient to convict this man. The material witnesses could not identify Mr. Griegos-Lopez. They did not even see him when they ran into the shed. The house that was the property on which the shed was located, that was not owned by Mr. Griegos-Lopez. It was owned by his father. Mr. Griegos-Lopez did not live there. But he made some suspicious moves, didn't he? Like checking the door of the shed. Yeah. And shooting the pellet gun. Yeah. And we don't know why he did those things. I mean, it's just – They're not really innocent acts. Well, you know, they're not illegal and they're not, you know, unless there's, you know, there's no smoking gun here. But he wouldn't testify. He did not testify. Did he give a statement to the officers saying, well, I was just checking the shed? No, there was no testimony on his part. There were no statements that were admitted. This is a reasonable doubt defense. The timing was quite remarkable. Excuse me? The timing was quite remarkable. The timing was interesting. But here's the thing. I mean, we don't know why he shot the pellet gun in the backyard. It could be. It could very well be that he saw Border Patrol and he's shooting a gun saying, hey, don't – It's 1130 at night? Yeah. It's unusual. But this person is a laborer who works during the day. He has a history of sort of aggressive behavior. He doesn't have any history of convictions for alien smuggling. So this is a person who went out in the backyard, maybe he's letting off steam, you know, and he's shooting a gun. It's weird. But people do weird things all the time. It doesn't make them guilty of being an alien smuggler or a felony conviction with a minimum mandatory sentence because he did some quasi – The house is right next to the border? It's not his house. It's his father's house. And his father lied to the Border Patrol. But the house is next to the border and this coincided with the aliens coming over the fence? Yes, correct. And there was a lot of testimony from the material witnesses. But at no time did the material witnesses testify that, you know, if you hear a gunshot, that's the time to come over the fence. And I think that that's a critical piece of evidence that's missing in this case. Thank you. We've used your time. Thank you. May it please the Court. David Leshman for the United States. The defense began its argument by focusing on the time period of 10 years. I believe the more appropriate time period in this case is 27 years because it was 27 years ago in United States v. Fierro's that this court held that ignorance of the law is not a defense under Title VIII, Section 1324. The standard of review on this issue is plain error because Federal Rule of Criminal Procedure 30D requires the objecting party to state the grounds for their objection. And Your Honor was correct. The stated objection here was to remove the or omissions language. So the instruction as the defense would have it at trial would state the defendant is, there is no requirement that the defendant know his acts are unlawful. The defense was fine with that. The stated concern of the district court was that the defense counsel did not want the jury to convict the defendant simply because after the aliens were hiding in the shed and the defendant saw Agent Battaglini walking in the alley behind the house and didn't say anything to Agent Battaglini, that the jury might convict on sort of a failure to report theory. To be clear, that was never the government's theory and in fact. It was not argued before the jury. It was not argued before the jury and in fact, Your Honor, in closing argument government counsel expressly informed the jury that this is not a duty to report case. It was argued to be very clear though that the fact that as soon as the aliens had run into the shed and slammed the door so loudly that the agents could hear it and our theory, of course, that the defendant could hear it being a few feet away from the shed, it was argued that the fact that Mr. Gallegos-Lopez sees Agent Battaglini moments later and says nothing to him still in the backyard is evidence of his knowledge and intent, but it was never presented as a duty to report case. And our position is that this is plain error review. Even if this Court were not to find plain error review appropriate, the standard should be abuse of discretion, which is the standard this Court applies to the district court's formulation of jury instructions. There is de novo review where the instructions allegedly misstate an element of the crime charged, but that is not what is at issue here. There is no dispute that the district court correctly provided this circuit's model instructions as to both the harboring and as to the aiding and abetting, the bringing in for financial gain. In those instructions, Your Honor, I believe the court noted that the harboring may not have had an intent instruction. In fact, they did, and this is where I believe the parties' positions fundamentally diverge. The district court correctly instructed the jury at excerpt of record, I believe it is 221 and 222, that the jury must find that the defendant acted with the purpose of evading the alien's detection by immigration authorities. That's the intent instruction. I saw the intent to do, to help the person do the bad act, but I didn't see the intent instruction as in the brings to offense that acted with the intent to violate the United States immigration laws. I'm sorry, I didn't mean to interrupt, Your Honor. It is there, Your Honor. In fact, the intent instruction for a harboring charge as formulated in this circuit's model instructions and consistent with this court's 2004 decision in United States v. U. is that the defendant must act with the purpose of evading the alien's detection by immigration authorities. And that meets the Barajas and Winn. It does. This is, it does. Your Honor, in the United States v. Winn, the parties agree that this court held in 1995 that that was section 1324A1A, requires criminal intent. In that case, the government had argued there's no intent requirement whatsoever. Congress had taken it out of the statute, and this court said no. Section 1324A1A in Winn requires criminal intent. This court did not define exactly what that entails. The defense contends that the defendant must know that his acts are unlawful and in violation of the immigration laws, but this court has never held as much. And in fact, this court's decisions foreclose that argument. Four years after Winn in Barajas Montiel, the 1999 case that the defense relies upon, this court held that bringing in for financial gain in violation of 1324A2B also requires criminal intent. However, on plain error review, this court affirmed those convictions. This court also held in that same case that the instructions for transportation of illegal aliens were sufficient and did contain a sufficient intent element where the district court instructed the jury that the defendant must act with the purpose of helping the aliens remain in the United States illegally. Again, this court had already held in 1982 that there's no ignorance of the law of defense. And Barajas Montiel confirms that one doesn't have to have specific knowledge of the immigration laws. This court followed Barajas Montiel in 2004 with United States v. U. That, like this case, was a harboring case, and the intent instruction in United States v. U. is what was given in this case. And United States v. U. held that that was a sufficient intent instruction. The defendant must act with the purpose of helping the aliens avoid detection by immigration authorities. Can Fierros and the Wynn-Barajas line be harmonized, or are they just in conflict in your view? No, there's no conflict whatsoever, Your Honor, because they are consistent. Because in Fierros, this court held ignorance of the law is no defense. The defendants in that case argued, well, maybe we thought what we were doing was legal because the defendants in that case were driving loads of undocumented aliens to work in the Central Valley of California. And this court, in affirming convictions, held ignorance of the law is not a defense. In 1995 and then, this court held that some sort of criminal intent is required, but this court has never held that the criminal intent requires knowledge of the immigration laws in terms of knowledge of Section 1324 and an intent to violate Section 1324. And I would point the court to one additional authority, and that is this court's opinion in 2007 in United States v. Torres Floyds, which is at 502 F. 3rd, 885, pinpoint site at 888, where in that opinion, this court, I should say, made explicit what had been implicit in Barajas and you, and held that there is no need for the government to prove that the defendant knew of Title VIII and intended to violate Title VIII. In fact, in that opinion, which was a case of bringing in an alien without presentation, the opinion, it was a two-to-one decision. However, this portion of the opinion was unanimous. This is not the substantial risk portion. In that portion of the opinion, the court notes that, hey, look, under you, the defendant doesn't need to know about Title VIII or know that bringing in aliens without presentation is itself unlawful. The defendant must have knowingly hid the alien from immigration. And that's what was happening there. In this case, there is no dispute that the district court provided appropriate instructions as to mens rea. And under any standard of review, there is no conflict there with the knowingly instruction. So what do you say, that you can know that stealing a car is illegal, but you don't have to know and intend to steal the car and violate the law, but you don't have to know the chapter of the statute? Not even that far, Your Honor. I don't believe it's even that far. The knowingly instruction is you have to understand what actions you are undertaking. The defendant has to – he can't be sleepwalking, for example. He must know what he is doing. And he must act, as the district court instructed, for the harboring charge with the intent of assisting the aliens to evade detection by border patrol. We believe there is ample evidence to support the jury's finding that the intent existed. But the defendant need – or the government need not prove that the defendant knew that acting with that intent was itself unlawful under Title VIII or any other specific section of federal law. He must act with criminal intent. We believe that's confirmed by this Court's decisions, most recently in United States v. EU and also in United States v. Taurus courts. I would submit on that, seeing how little time I have, unless the Court has further questions for me. Good to be in. Thank you. Thank you. The case is argued as a decision. We'll hear the next case, which is United States v. Dinkins.
judges: Siler, Schroeder, Ikuta